FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 JUN 29 PM 12: 36

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

THERESE DARKESE,

　　　　Plaintiff,

-vs-

CASE NO.: 6:16-cv-1185-ORL-18-GJK

CREDIT ONE BANK, N.A.

　　　　Defendant

_____/

## COMPLAINT

COMES NOW Plaintiff, Therese Darkese, by and through the undersigned counsel, and sues Defendant, CREDIT ONE BANK, N.A. (hereinafter "Credit One"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1.　　The TCPA was enacted to prevent companies like Credit One, from invading American citizen's privacy and prevent abusive "robo-calls."

2.　　"The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.　　"Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      Venue is proper in this District as Plaintiff resides within this District (Orange County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Orange County, Florida.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant, Credit One Bank, N.A., is a corporation with its principal place of business located at 585 Pilot Rd. Las Vegas, NV 89119.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     Credit One. called Plaintiff on Plaintiff's cellular telephone approximately 200 times since February 2016, in an attempt to collect a debt.

16.     Credit One attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17.     Credit One intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from Credit One

19.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone numbers (747) ***-8714 and (747) ***-2647 and was the called party and recipient of Defendant's calls.

20.     Beginning on or about February 2016, Credit One began bombarding Plaintiff's cellular telephones (747) ***-8714 and (747) ***-2647 in an attempt to collect on a debt.

21.     Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to six (6) times a day from approximately February 6, 2016 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

22.     On or about March 2015 Plaintiff first requested the calls to her cell phones cease. The Plaintiff orally revoked her consent to be called by the Defendant many more times in an effort to stop the collection calls.

23.     Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephones after approximately March 2015 were done so after she had revoked consent.

24.     The auto dialer calls from Defendant came from the telephone numbers including but not limited to (818) 581-4807; (818) 492-4206; (818) 491-3890: (818) 538-5928; (818) 457-3865; (832) 973-8066; (860) 509-0050; (855) 306-4247 and (818) 614-9614, and when those numbers are called, a pre-recorded voice or a representative answers and identified the company as "Credit One Bank".

25.     Despite the Plaintiff's multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

26.     Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on March 5, 2016; March 6, 2016; March 7, 2016 and March 8, 2016.

27.     Credit One has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28.     Credit One has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Credit One to remove the number.

29.     Credit One's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Credit One they wish for the calls to stop.

30.     Credit One has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31.     Credit One has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

32.     Credit One has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

33.     Credit One's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

34.     Credit One has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35.     Not a single call placed by Credit One to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36.     Credit One willfully and/or knowingly violated the TCPA with respect to Plaintiff.

37.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, embarrassment, and aggravation.


## COUNT I
### (Violation of the TCPA)

38.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39.     Credit One willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Credit One that she wished for the calls to stop.

40.     Credit One repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C §
227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and
judgment against CREDIT ONE BANK, N.A. for statutory damages, punitive damages, actual
damages, treble damages, enjoinder from further violations of these parts and any other such
relief the court may deem just and proper.


## COUNT II
### (Violation of the FCCPA)

41.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-seven
(37) as if fully set forth herein

42.     At all times relevant to this action Credit One is subject to and must abide by the
laws of the State of Florida, including Florida Statute § 559.72.

43.     Credit One has violated Florida Statute § 559.72(7) by willfully communicating
with the debtor or any member of his or her family with such frequency as can reasonably be
expected to harass the debtor or his or her family.

44.     Credit One has violated Florida Statute § 559.72(7) by willfully engaging in other
conduct which can reasonably be expected to abuse or harass the debtor or any member of his or
her family.

45.     Credit One actions have directly and proximately resulted in Plaintiff's prior and
continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and
judgment against CREDIT ONE BANK, N.A. for statutory damages, punitive damages, actual
damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any

other such relief the court may deem just and proper.

Respectfully submitted,


*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff